UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOTT G. KYLES,

                      Plaintiff,

v.                                                   Case No. 17-cv-773-pp

JEFF BRANN,
BEAU G. LIEGEOIS,
TIMOTHY A. HINKFUSS, and
WILLIAM R. F. ACKELL,

                      Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1),
AND DENYING THE PLAINTIFF'S MOTION TO ADD A PARTY (DKT. NO. 8)**

---

       The plaintiff, a state prisoner who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and a motion to add a party, dkt. no. 8. This decision screens the complaint and resolves the plaintiff's motions.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain

conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On June 5, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $8.30. Dkt. No. 5. The plaintiff paid the initial partial filing fee on June 16, 2017. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

## II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States;

2

and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.   The Plaintiff's Allegations

The plaintiff alleges that defendant Beau G. Liegeois, a district attorney, failed to protect the plaintiff's Fourth, Fifth and Fourteenth Amendment rights. Dkt. No. 1 at 3-4. Specifically, the plaintiff explains that, despite Liegeois knowing that a police officer is not permitted to stop or pat down a person on the street without reasonable suspicion, Liegeois "went forward with this unlawful prosecution." Id. at 4. The plaintiff also states that Liegeois failed to produce highly exculpatory evidence that would have created reasonable doubt, including the warrant and the "CAD report" leading up to and after his arrest. Id.

The plaintiff alleges that defendant Jeff Brann, of the drug task force, illegally seized the plaintiff in a drug investigation, without any evidence that the plaintiff had committed a crime. Id. at 5. He states that Brann has indicated that he was looking for the plaintiff based on an arrest warrant, but, according to the plaintiff, Brann had no written warrant describing the person

3

to be seized. Id. The plaintiff argues that without a warrant, there was no basis for the stop and subsequent pat-down search. Id.

Next, the plaintiff states that defendant William R. F. Ackell, the plaintiff's public defender, "sabotaged [his] motion hearing on 4/12/16 and refused to ask the witness questions, [he] wanted him to ask." Id. The plaintiff also states that Ackwell refused to file an interlocutory appeal and failed to defend the plaintiff to the best of his ability. Id.

Finally, the plaintiff alleges that defendant Judge Timothy A. Hinkfuss overlooked the violation of the plaintiff's constitutional rights and denied the plaintiff's motion to suppress evidence even though the State never proved probable cause existed. Id. at 6. The plaintiff argues that Judge Hinkfuss "exceed[ed] the proper bounds of judicial discretion and triggered the Fourteenth Amendment guarantees of substantive and procedural due process when he completely ignored decla[ra]tory precedent under Hensley, Terry, Wade and Miranda." Id.

The plaintiff seeks compensatory and punitive damages.

B.  The Court's Analysis

First, the court will dismiss Judge Hinkfuss as a defendant. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) (citations omitted). The plaintiff has not alleged that Judge Hinkfuss did not have jurisdiction over the plaintiff during his criminal case, so Judge Hinkfuss has absolute immunity for his judicial actions.

4

Similarly, the court will dismiss Liegeois as a defendant. According to the plaintiff's complaint, Liegeois is the prosecutor in his criminal case. Prosecutors have absolute immunity from §1983 liability when performing their duties in the judicial process. Id. (citing Briscoe v. LaHue, 460 U.S. 325, 329-36 (1983); Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976)).

The court also will dismiss Ackell, the plaintiff's public defender, as a defendant. Public defenders acting as counsel do not act "under the color of state law," and therefore cannot be sued under §1983. Swift v. Swift, 556 Fed.Appx. 509, 511 (7th Cir. 2014) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).

The court will allow the plaintiff to proceed on his claim that defendant Brann violated his Fourth Amendment rights when he stopped and performed a pat-down search of the plaintiff without any reason to do so. The plaintiff's criminal case is still in progress. See State of Wisconsin v. Elliott Gene Kyles, Brown County Circuit Court Case No. 2015CF001801 (accessible at https://wcca.wicourts.gov). With any claim other than a Fourth Amendment claim, this fact would bar the plaintiff from filing a civil suit to attack his criminal case. See Heck v. Humphrey, 512 U.S. 477 (1994). A plaintiff who alleges a violation of the Fourth Amendment, however, may bring that claim immediately, because the claim isn't necessarily an attack on the plaintiff's conviction, and the claim accrues at the time of the unlawful seizure or search. Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998) (citations omitted). Further, although the plaintiff indicates that Judge Hinkfuss denied his motion

5

to suppress—and the state court docket appears to confirm that assertion—the court does not know the basis for that denial. It is possible that Judge Hinkfuss did not decide that Brann's conduct was *proper*, but only that any *improper* conduct did not justify the exclusion of evidence because its lawful discovery was inevitable. Under those circumstances, the denial of the plaintiff's motion to suppress evidence would not have an issue-preclusive effect on the plaintiff's §1983 claim. Id.

### III. The Plaintiff's Motion to Add a Party

On June 28, 2017, the plaintiff filed a motion to add a new defendant. Dkt. No. 8. He wants to name Kari Hoffman, who allegedly works for the district attorney. The court will deny the plaintiff's motion.

First, filing a motion is not the proper procedure for adding a defendant. If a plaintiff wants to aset claims against a new defendant, he must file an amended complaint, under Federal Rule of Civil Procedure 15 and Civil Local Rule 15, that lists all of the defendants and claims in a single document. The court would then screen the amended complaint under the PLRA.

Second, even if the plaintiff had properly sought to amend his complaint, the court would not allow the plaintiff to proceed against Hoffman. The plaintiff's "statement of claim" contains no factual allegations describing any unlawful conduct on Hoffman's part. Instead, the plaintiff claims only that Hoffman has ignored his "4th, 5th and 14th Amendments, completely ignoring declaratory precedents under Hnesley, Terry, Wade and Miranda." Id. These are legal conclusions, and are insufficient to state a claim. The pleading standard

6

requires plaintiffs to support legal conclusions with facts, so that the court can reasonably infer that the defendant is actually liable for alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Finally, the plaintiff asserts that Hoffman "works for" the district attorney. He does not indicate what position Hoffman holds with the District Attorney's Office. If she is a prosecutor—an assistant district attorney—she has absolute immunity from §1983 liability when performing her duties in the judicial process. If she holds some other position—clerical staff, for example—it is not clear how she may have violated the defendant's constitutional rights.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** Beau G. Liegeois, Timothy A. Hinkfuss, and William R. F. Ackell as defendants.

The court **DENIES** the plaintiff's motion to add a party. Dkt. No. 8.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendant Jeff Brann under Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely

7

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court further **ORDERS** defendant Jeff Brann to file a responsive pleading to the complaint.

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $341.70 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number assigned. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court further **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk will electronically scan and enter on the docket every document upon receipt, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to timely file documents may result in the court dismissing the case for failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 25th day of July, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**