UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOTT G. KYLES,

                Plaintiff,

v.                                            Case No. 17-cv-773-pp

JEFF BRANN,

                Defendant.

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR DISCOVERY (DKT. NO. 24), DENYING THE PLAINTIFF'S REQUEST FOR AID IN OBTAINING A COURT REPORTER (DKT. NO. 23), AND DENYING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 31)**

On January 16, 2018, the plaintiff filed a number of documents directed to the defendant, dkt. nos. 21-23, 25-30. The plaintiff also filed a "Motion Request for Discovery," asking for "any discovery the defendant might have." Dkt. No. 24. The documents included letters directed to the defendant's counsel requesting oral and written depositions (dkt. nos. 21, 30), and a letter directed to the clerk of court, asking that that the clerk help the plaintiff retain a court reporter (dkt. no. 23).

The Federal Rules of Civil Procedure lay out the discovery process—a process that takes place between the parties, without the court's involvement. Rule 33 allows a party to ask the other party to answer up to twenty-five interrogatories (*i.e.*, written questions), and Rule 34 allows a party to ask the other side to produce any documents that the party believes are relevant to the alleged events.

1

The court stated in its November 8, 2017 scheduling order that "[p]arties should serve discovery requests on the opposing parties, and must not file them with the court." Dkt. No. 18 at 1. The court said this more than once, explaining on the second page of the scheduling order that Rule 5(d)(1) requires that parties serve their discovery requests and responses (such as interrogatories, requests for documents or tangible things, and requests for admission) directly on the opposing party by mailing them to the opposing party's counsel. Id. at 2-3.

Instead of following these directions, it appears from the plaintiff's certificates of service that he is both mailing his discovery requests and responses to the defendant's counsel and filing them with the court. This is a violation of the court's scheduling order, and of Rule 5(d)(1), which states that parties are not to file discovery requests or responses with the court unless a party wishes to use them to support a motion or other pleading, or unless the court orders a party to file them. See also Notice Regarding Discovery, Dkt. No. 20.

Further, the plaintiff's discovery motion is improper. The deadline for the parties to complete discovery is not until March 9, 2018. Dkt. No. 18 at 1. There is no reason for the plaintiff to file a motion with the court asking for discovery; if he has sent his discovery demands to the *defendant*, the defendant has until March 9, 2018 to respond. The court will deny the discovery motion.

The plaintiff has also asked the clerk of court to help him retain a court reporter so that he can conduct an oral and/or written deposition. Dkt. No. 23.

The court will not retain a court reporter for the plaintiff. Although the court has allowed the plaintiff to proceed *in forma pauperis*, the law does not require the court to help the plaintiff with the cost of litigating his case. Rule 30(b)(3)(A) provides that the party who notices a deposition "bears the recording costs." If the plaintiff is unable to afford the cost of a court reporter, he may get the information he wants through written discovery (such as interrogatories and document requests).

Finally, the plaintiff filed a motion for default judgment, citing Fed. R. Civ. P. 55. Dkt. No. 31. He says the court should grant him default judgment because the defendant did not respond to his discovery demands by "the deadline." Id. The plaintiff is not entitled to default judgment. First, the court-ordered deadline for completing discovery has not expired. Second, if a party believes that the other side has not complied with the discovery rules, the remedy is for that party to meet and confer with the other side to try to work through the problem. See Gen. L.R. 37 (E.D. Wis.). Inmates cannot pick up the phone and call the lawyer for the other side, but they can write letters to opposing counsel, asking when they might expect to receive their discovery documents, or enquiring whether there are any problems. Finally, if the other side truly has refused to comply with the discovery rules, the party seeking discovery may file a motion under Rule 37, asking the court to order production of discovery. The court will deny the motion for default judgment.

The court **DENIES** the plaintiff's motion for discovery. Dkt. No. 24.

The court **DENIES** the plaintiff's request for a court reporter. Dkt. No. 23.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 26th day of February, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**