UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOTT G. KYLES,

        Plaintiff,

v.                                                 Case No. 17-cv-773-pp

JEFF BRANN,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (DKT. NO. 54), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 34) AND DISMISSING CASE**

---

The plaintiff, who is representing himself, filed his complaint under 42 U.S.C. §1983. Dkt. No. 1. The court allowed him to proceed on a Fourth Amendment claim based on his allegations that the defendant arrested him without probable cause. Dkt. No. 10.[1] The defendant filed a motion for summary judgment. Dkt. No. 34. The plaintiff responded to the motion, dkt. no. 41, and the defendant filed a reply brief in support of his motion, dkt. no. 46.

---

[1] In his responses to the defendant's summary judgment motion, the plaintiff alleges that he was illegally strip searched. The court did not allow the plaintiff to proceed on any claims involving a strip search, so the court will disregard the plaintiff's allegations and arguments on this issue. See Anderson v. Donahoe, 699 F.3d 989, 997-98 (7th Cir. 2012) (explaining that claims not alleged in a complaint are waived and cannot be added in response to a motion for summary judgment).

1

Under the Federal Rules of Civil Procedure and the local rules, no further briefing of the defendant's motion was allowed without the court's permission. See Fed. R. Civ. P. 56, Civil L.R. 56. Despite this, the plaintiff filed several documents containing additional arguments in opposition to the defendant's motion. Dkt. Nos. 50-53. On June 7, 2018, the defendant filed a motion to strike all briefing not allowed under the rules. Dkt. No. 54. Because the plaintiff did not obtain the court's permission for additional briefing, the court will grant the defendant's motion to strike. In reaching its decision on the defendant's summary judgment motion, the court considered only those documents that were filed consistent with the federal and local rules.

I.  **RELEVANT FACTS**[2]

On December 22, 2015, the defendant, a Green Bay police officer and narcotics investigator with the Brown County Drug Task Force, arrested the plaintiff based on an active warrant for the plaintiff's arrest, which had been issued in connection with alleged parole violations. Dkt. No. 48 at ¶¶2-4, 9. At the time of the arrest, the defendant had been actively trying to locate the plaintiff. Id. at ¶10. According to the defendant, he knew what the plaintiff looked like because during the summer of that year, the plaintiff's name had come up during an investigation, and the defendant had looked at three mug shots of the plaintiff to become familiar with him. Id. at ¶11. The defendant had

---

[2] The court takes the facts from "Defendant's Reply to Plaintiff's Response to Defendant's Proposed Findings of Fact in Support of Defendant's Motion for Summary Judgment." Dkt. No. 48. The facts are undisputed unless the court indicates otherwise.

2

the most recent mug shot with him in his car when he arrested the plaintiff. Id. at ¶12.

On the day of the arrest, the defendant observed a man generally matching the plaintiff's description leave a residence,[3] enter a car and drive to a gas station. Id. at ¶13. The defendant followed the car to the gas station and, after the plaintiff got out, was able to confirm that it was the plaintiff. Id. The defendant then arrested the plaintiff under the warrant. Id. at ¶14.

On April 12, 2016, Brown County Circuit Court Judge Timothy A. Hinkfuss held a hearing on the plaintiff's motion to suppress. State of Wis. v. Kyles, Case No. 15-CF-1801; Dkt. No. 37-2. After cross-examining the defendant, the plaintiff's lawyer argued that, at the time of the arrest, the defendant did not have probable cause to identify the plaintiff as the individual named in the warrant. Dkt. No. 37-2 at 25-27.

In denying the motion, Judge Hinkfuss clarified that because there was a valid warrant for the plaintiff's arrest, the determination of whether there was probable cause for the arrest did not hinge on whether the defendant reasonably believed that a crime had been committed, but rather on whether he reasonably believed that the plaintiff was the person identified in the warrant. Id. at 29. The court emphasized that the defendant had a picture of the plaintiff with him at the time of the arrest; that despite the picture being

---

[3] The plaintiff makes much of the fact that the defendant never explained why he suspected the plaintiff was at that residence or driving that vehicle, but those details are irrelevant to question of whether the defendant had probable cause to arrest the plaintiff.

five years old, it looked like the plaintiff; and that the defendant was able to make visual confirmation after the plaintiff got out of his car. Id. at 27-29. Accordingly, Judge Hinkfuss found that the defendant had probable cause to believe that the plaintiff was the person identified in the warrant, and he denied the motion to suppress. Id. at 27-29.

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Analysis

The first sentence of the plaintiff's introduction to his response brief says, "On December 22, 2015 Green Bay police officer Jeff Brann illegally seized the plaintiff . . . in a drug investigation with no probable cause that a crime was committed." Dkt. No. 41 at 1. But that is not really the issue the plaintiff has raised. He does not dispute that there was an active warrant for his arrest based on alleged parole violations. That warrant, standing alone, was sufficient to allow the defendant or any other officer to stop and arrest the plaintiff. The plaintiff argues that the defendant did not see him commit any crimes or traffic violations, but the defendant did not need to witness any new offenses. He had a valid warrant.

The real issue the plaintiff seeks to raise is the one Judge Hinkfuss identified—he tries to argue that the defendant did not have probable cause to believe that the plaintiff was the person identified in the warrant. The court concludes that this Fourth Amendment claim is precluded by Judge Hinkfuss's decision that the defendant had probable cause to believe that the plaintiff was the person in the warrant when he arrested him. "Under collateral estoppel, 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a

5

different cause of action involving a party to the prior litigation.'" Guenther v. Holmgreen, 738 F.2d 879, 883 (7th Cir. 1984) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)).

In deciding whether a plaintiff's §1983 claim is precluded by a prior state judicial proceeding, federal courts apply the relevant state's collateral estoppel law. Id. at 884 (citing Haring v. Prosise, 462 U.S. 306, 313-14 (1983)). In Wisconsin, "the collateral estoppel doctrine bars relitigation of an issue that was 'litigated, determined, and necessary to the decision in the prior proceeding.'" Id. (quoting Reckner v. Reckner, 105 Wis.2d 425, 436 (Wis. App. 1981)).

Here, the plaintiff's claim that the defendant did not have probable cause to reasonably believe that he was the person identified in the warrant is precluded by Judge Hinkfuss's decision, because the plaintiff raised and litigated that very issue in the hearing on his motion to suppress. At that hearing, the plaintiff's lawyer cross-examined the defendant and argued that the defendant's reliance on a five-year-old picture of the plaintiff was an insufficient basis for the defendant to conclude that the plaintiff was the person named in the warrant. Following the lawyers' arguments, Judge Hinkfuss took a brief recess to evaluate the evidence and "look at some law." Dkt. No. 37-2 at 27. Specifically, Judge Hinkfuss consulted the book Fourth Amendment Comprehensive Search and Seizure. Id. at 29. After considering the law and the evidence, he ruled that the defendant "did act . . . as a

reasonable person would act in effectuating the arrest" and denied the motion. Id. at 29.

The plaintiff's §1983 complaint is his attempt to relitigate an issue that Judge Hinkfuss already decided in the criminal case. Because collateral estoppel precludes the plaintiff from doing that, the defendant is entitled to summary judgment.

## III. CONCLUSION

The court **GRANTS** the defendant's motion to strike plaintiff's responses to defendant's dispositive motion reply. Dkt. No. 54.

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 34.

The court **DISMISSES** this case and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry

of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**